UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLONY INSURANCE COMPANY, a Virginia corporation,<br><br>Plaintiff,<br><br>v.<br><br>TEMESCAL REI, LLC, a California limited liability company; JUDITH JENNINGS, a California citizen; ERIC MICKELSON, a California citizen,<br><br>Defendants. | No. 1:19-cv-01778-NONE-JLT<br><br>ORDER DENYING DEFENDANTS TEMESCAL REI, LLC, AND JUDITH JENNINGS' MOTION TO DISMISS AND GRANTING ALTERNATIVE MOTION TO STAY<br><br>(Doc. No. 17) |

Before the court for consideration is defendants Temescal REI, LLC ("Temescal") and Judith Jennings' ("Jennings" and collectively with Temescal, "Moving Defendants") motion to dismiss or, in the alternative, motion to stay this declaratory relief action. (Doc. No. 17.) Plaintiff Colony Insurance Company ("Colony") has opposed the motion and Moving Defendants have replied. (Doc. Nos. 22, 27.) Pursuant to Local Rule 230(g) and General Order No. 617, the court has taken this matter under submission on the papers without holding a hearing. For the reasons set forth below, Moving Defendants' motion to dismiss is denied but their motion to stay is granted.

/////

/////

1

# BACKGROUND

This is a diversity action involving an insurance coverage dispute between Colony and Moving Defendants regarding an underlying state court action ("Underlying Action"). Colony, an insurance company, initiated this declaratory relief action seeking a determination that Moving Defendants are not entitled to insurance coverage regarding the events at issue in the Underlying Action under the insurance policy issued by Colony. In addition, Colony seeks reimbursement of defense fees and costs incurred in defending Moving Defendants in the Underlying Action.

**A.   The Colony Insurance Policy**

Colony issued Commercial General Liability insurance policy number NAP9000001 for the policy period of April 1, 2017 to April 1, 2018, to named insured Think Realty Insurance Programs, LLC, with Moving Defendants listed as members of the named insured. (Doc. No. 1 ¶ 7; *see* Doc. No. 1-1.) The policy contains an exclusion titled "Employer's Liability," which states that the policy does not apply to:

> "Bodily injury" to:
>
> (1) An "employee" of the insured arising out of and in the course of:
>
> (a) Employment by the insured; or
>
> (b) Performing duties related to the conduct of the insured's business;
>
> . . .
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Doc. No. 1-1 at 107.) The policy also contains the following two endorsements:

> **Employees of Independent Contractors Endorsement**
>
> The coverage under this Policy does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or any injury, loss or damage sustained by any employee of an independent contractor contracted by You or on your behalf.
>
> The coverage under this Policy also does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or medical payments arising out of operations performed for you by independent contractors or your acts or omissions in connection with

> your general supervision of such operations.
>
> **Employees, Leased Workers or Volunteers Endorsement**
>
> The coverage under this Policy does not apply to "bodily injury", "property damage", "personal injury", or any injury, loss or damage to an employee, leased worker, casual labor or volunteer of any Insured arising out of:
>
> 1) the course of employment for which an Insured may be held liable as an employer or in any other capacity;
>
> 2) any obligation of any Insured to indemnify or contribute with another because of injury, loss or damage;
>
> 3) injury, loss or damage sustained by the spouse, parent, brother, sister, other relative, companion or offspring of any employee, leased worker, casual labor, or volunteer of any insured as a consequence of his employment or activity.
>
> This exclusion applies to all causes of action including care and loss of services.

(*Id.* at 155–56.)

**B.     The Underlying Action**

On April 4, 2019, Eric Mickelson[1] ("Mickelson") filed a complaint in the Kern County Superior Court against the Moving Defendants.  (Doc. No. 1 ¶ 8.)  Mickelson filed the operative First Amended Complaint ("FAC") on May 14, 2019, seeking an award of damages for premises liability and general negligence.  (*See* Doc. No. 1-2.)  The FAC alleges that on or around October 31, 2017, Mickelson was lawfully on Jennings' property when he fell off the roof and sustained serious and life-threatening injuries.  (*Id.* at 4–5.)  Mickelson further alleges that the Moving Defendants "negligently and carelessly managed, operated, controlled, supervised, and/or owned the property . . . allowing it to be in a state of disrepair creating a danger to invitees and other persons lawfully on the premises, including [Mickelson] herein."  (*Id.* at 5.)

Colony agreed to defend the Moving Defendants subject to a complete reservation of rights and retained defense counsel on their behalf.  (Doc. No. 1 ¶ 10.)  Moving Defendants filed an answer in the Underlying Action denying, in part, that Mickelson was lawfully on the premises

---

[1] Mickelson is a named defendant in this declaratory relief action "in order to bind him to any coverage determination made in this action."  (Doc. No. 1 ¶ 5; *see* Doc. No. 30.)  He has not opposed Moving Defendants' motion.

3

1  as an invitee.  (Doc. No. 17-1 at 3; *see* Ex. 1, Doc. No. 17-2 at 4–8.)  Additionally, Moving
2  Defendants filed a cross-complaint against Roger Gross ("Gross"), seeking an adjudication that
3  Gross is solely responsible for Mickelson's injuries.  (*See* Ex. 2, Doc. No. 17-2 at 10–14.)

## ANALYSIS

As noted, Colony seeks a declaration from this court that, as a matter of law, the damages sought against Moving Defendants by Mickelson in the Underlying Action are not covered under the insurance policy Colony issued to Moving Defendants and that Colony therefore has no duty to defend or indemnify them in that Underlying Action.  (Doc. No. 1 at 10.)  Specifically, Colony contends that Mickelson was on Moving Defendants' "premises the day of his injury to assist a contractor who was performing roofing work on the premises for [Moving Defendants]."  (*Id*. at ¶ 9.)  Colony also seeks reimbursement for defense costs it has incurred in defending Moving Defendants in the Underlying Action to date.  (*Id.* at 10.)  Moving Defendants counter that Colony has a duty to defend and indemnify them in the Underlying Action pursuant to the insurance policy.  (*See* Doc. No. 17-1.)

**A.     Request for Judicial Notice**

Before addressing the merits of the pending motion, Moving Defendants request that the court take judicial notice of their answer and cross-complaint filed in the Underlying Action on November 6, 2019.  (*See* Doc. No. 17-2.)  Colony does not oppose this request.  Federal Rule of Evidence 201 provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court may also take judicial notice of undisputed "matters of public record."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  A court may take judicial notice of a public record not for the truth of the facts asserted therein, but for the existence of the document.  *Id.* at 690.  The court will take judicial notice of the existence of both documents in question.

/////

/////

4

**B.     Motion to Dismiss**

Moving Defendants argue that this court should exercise its discretion and abstain from exercising jurisdiction in this declaratory relief action.  (Doc. No. 17-1 at 4.)  In particular, they argue that Colony seeks adjudication of issues that should be litigated in the Underlying Action, i.e., whether Mickelson was an employee of Jennings and/or was lawfully on the property at the time he sustained his injuries.  (*Id.* at 11.)  Colony, however, argues that this court has mandatory jurisdiction because Colony asserts a separate claim for reimbursement of expended defense costs.  (Doc. No. 22 at 11.)

The Declaratory Judgment Act gives district courts discretion to grant declaratory relief and states that:

> In a case of actual controversy within its jurisdiction, [exceptions omitted] . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).  Prior to granting declaratory relief, the district court must be satisfied that entertaining the action is appropriate, because the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority."  *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (Reed, J., concurring)).

Moving Defendants argue that the abstention doctrine recognized in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and its progeny compels dismissal of Colony's complaint.  The Ninth Circuit has read *Brillhart* to articulate three main factors courts should consider when examining the propriety of entertaining a declaratory judgment action:  (1) avoiding needless determination of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation.  *Dizol*, 133 F.3d at 1225 & n.5 (listing additional factors for consideration); *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).  "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically."  *Dizol*, 133 F.3d at 1225.

While recognizing the *Brillhart* factors, Colony instead urges the court to rely on the Ninth Circuit's decision in *United Nat'l Ins. Co. v. R&D Latex Corp.*, in which it was held that the district court has mandatory jurisdiction over a claim by an insurance company which "seek[s] reimbursement for certain defense costs already expended in an underlying litigation." 242 F.3d 1102, 1113 (9th Cir. 2001) (citing *Buss v. Super. Ct.*, 16 Cal. 4th 35, 65 (1997)).  There, the insured was sued in a state court action, and the insurance company agreed to defend the insured but reserved the right of reimbursement for the costs of defending. *United Nat'l*, 242 F.3d at 1106. The insurance company then sued its insured in federal court, seeking a declaration of its obligations to defend and indemnify, and for reimbursement of costs already expended, but the district court refused to exercise jurisdiction over the declaratory relief action. *Id.*

On appeal, the Ninth Circuit in *United Nat'l Ins. Co.* reversed and held that an insurer's claim for reimbursement was an "independent" claim which triggered mandatory federal jurisdiction. *Id.* at 1115. "[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Id.* at 1112 (citing *Dizol*, 133 F.3d at 1225). The Ninth Circuit held that the insurer's reimbursement claim was separate from its declaratory judgment claim because the reimbursement claim could stand on its own in federal court and need not be joined with a claim for declaratory relief. *Id.* at 1114. Specifically, the reimbursement claim triggered mandatory jurisdiction because such claims are founded on the equitable doctrine of restitution, which are not predicated on a favorable disposition of a claim for declaratory judgment. *Id.* at 1113–14.

Here, Colony asserts a claim for reimbursement of defense costs incurred in defending Moving Defendants in the Underlying Action. The prayer seeks an order that Colony is "entitled to reimbursement of defense fees and costs from [Moving Defendants] for the defense fees and costs paid to defend [Moving Defendants] against the Underlying Action." (Doc. No. 1 at 10.) Moving Defendants, however, contend that there is no bright line rule which provides that reimbursement claims automatically trigger mandatory jurisdiction over declaratory judgment

1 actions. (Doc. No. 27 at 3–4 (citing *Carolina Cas. Ins. Co. v. Rpost Int'l Ltd.*, Case No. CV 10-06095 DDP (SHx), 2011 WL 13217360, at *2 (C.D. Cal. May 26, 2011) ("*Carolina*").) In *Carolina*, plaintiff's complaint stated, "*if it is determined pursuant to [plaintiff's] first claim for declaratory relief herein* that no potential coverage exists under the [insurance policies] . . . [plaintiff] is entitled to recover from [defendant] the attorney fees and costs and other expenses incurred by [plaintiff]." 2011 WL 13217360, at *2 (emphasis in original). In light of that language, the district court concluded that the plaintiff's monetary claims "are wholly dependent upon, and could not be sustained without, the declaratory claims." *Id.*; *see also Evanston Ins. Co. v. Shokan Int'l Co.*, Case No. SA CV 10-01971 DOC (SSx), 2011 WL 13227846, at *2 (C.D. Cal. May 2, 2011) ("*Evanston*") (finding plaintiff's claim for recoupment of defense costs was dependent on its claim for declaratory judgment based on the complaint's language that "*upon a finding of no coverage*, [plaintiff] is entitled to recoup defense costs incurred for all non-covered claims in the Underlying Action.") (emphasis added)).

Unlike the complaints in *Carolina* and *Evanston*, which specifically stated that the plaintiff's reimbursement claims were contingent on the declaratory relief claims, Colony's complaint in the present case does not contain such language. (*See* Doc. No. 1 at 9, 10.) Moving Defendants assert that Colony's "reimbursement claim cannot [be] sustained without the declaratory claims," but a reading of the complaint does not automatically support such a conclusion. As one court explained:

> Although there is no doubt that [plaintiff's] reimbursement overlaps with the issues in its declaratory judgment claim, the determination of whether the Court's jurisdiction is mandatory or discretionary is not focused on potential overlaps. Rather, the only issue is whether the Court could hear the claim even without the presence of the declaratory relief claims. The Court is satisfied that it could. Theoretically, [plaintiff] could dismiss all its claims under the Declaratory Judgment Act and, exercising diversity jurisdiction, the Court could determine [plaintiff's] reimbursement claims.

*Atain Specialty Ins. Co. v. 20 Parkridge, LLC*, Case No. 15-cv-00212-MEJ, 2015 WL 2226356, at *5 (N.D. Cal. May 11, 2015). Given the foregoing, the court concludes that it has mandatory jurisdiction over Colony's reimbursement claim independent of the declaratory relief claims. Because the court has mandatory jurisdiction, it need not decide whether to exercise its discretion

7

and retain jurisdiction of this action under the *Brillhart* factors. Therefore, Moving Defendants' motion to dismiss is DENIED.

**C.     Alternative Motion to Stay**

Moving Defendants alternatively request that, if their motion to dismiss is denied, this declaratory relief action be stayed pending resolution of the Underlying Action. (Doc. No. 17-1 at 8.) Specifically, Moving Defendants contend that Colony seeks an adjudication of issues that should be litigated in the Underlying Action, i.e., whether Mickelson was an employee of Jennings and/or was lawfully on the property at the time of his accident. (*Id.* at 11.)

Although they briefly cite federal law, both parties primarily rely on California law governing the imposition of stays in declaratory relief actions, citing *Montrose Chemical Corporation v. Superior Court*, 6 Cal. 4th 287 (1993), *Montrose Chemical Corporation v. Superior Court*, 25 Cal. App. 4th 902 (1994) ("*Montrose II*"), and *Great American Insurance Company v. Superior Court*, 178 Cal. App. 4th 221 (2009). Federal courts sitting in diversity, however, apply federal procedural law and state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because a stay of proceedings is a procedural issue, this court applies federal law to determine whether a stay of the pending action is warranted. Nevertheless, state law is similar to federal law in this regard. The parties' arguments for and against a stay are considered below.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (Breyer, J., dissenting) (quoting *Landis*, 299 U.S. at 254)). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

/////

The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id.* at 255. In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

First, the court considers the possible damage accompanying the granting of a stay. Colony argues that the imposition of a stay will require it "to continue to pay for the defense of [Moving Defendants] until the Underlying Action is resolved." (Doc. No. 22 at 19–20.) However, "defending a suit without more does not constitute a clear case of hardship or inequity within the meaning of *Landis*." *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Furthermore, Colony can recover the costs of defending Moving Defendants after the Underlying Action is resolved. *See Zurich Am. Ins. Co. v. Omnicell, Inc.*, Case No. 18-CV-05345-LHK, 2019 WL 570760, at *5 (N.D. Cal. Feb. 12, 2019). The court thus finds that this factor does not weigh in favor of a stay.

The court next considers the hardship or inequity that may result with this case moving forward. Moving Defendants generally refer to the factors set forth in *Montrose II*, but ultimately advance the following hardship: that Colony is attempting to seek an expedited ruling on factual issues to be determined in the Underlying Action, specifically the nature and reason for Mickelson's presence on the property. (*See* Doc. No. 17-1 at 11; Doc. No. 27 at 9, 10.) They claim that "the facts and circumstances of [Mickelson's] presence have not been finally determined," such as whether he was an employee or volunteer of Jennings or an independent

9

contractor, or if he was "a volunteer for himself, as a mere bystander observer, who was not doing any work and not assisting in any work." (Doc. No. 27 at 5.) Colony argues that the narrow issue before this court is whether "the policy bars coverage for Eric Mickelson's injuries based on the Employees of Independent Contractors Endorsement and the Employees, Leased Workers or Volunteers Endorsement." (Doc. No. 22 at 20.) According to Colony, "[i]t does not matter in what capacity Mickelson was there or whether he is considered to be an employee, an independent contractor, an employee of an independent contractor, casual labor, or a volunteer" because the policy "does not cover [Mickelson's] claims given the two endorsements at issue." (*Id.* at 18–19.)

The court concludes that there are factual issues that overlap between the Underlying Action and the declaratory relief action. To determine whether the Employees of Independent Contractors Endorsement and/or the Employees, Leased Workers or Volunteers Endorsement apply, the court must determine whether Mickelson was an employee of an independent contractor or a volunteer. (*See* Doc. No. 1-1 at 155–56.) Colony and Moving Defendants may agree that Mickelson was not an employee of Moving Defendants (*see* Doc. No. 17-1 at 2; Doc. No. 22 at 15), but whether Mickelson was an employee of Gross, a volunteer of either Gross or Moving Defendants, or even lawfully on the premises is in dispute. Colony asserts that Mickelson was on the property helping Gross (Doc. No. 22 at 15), but Moving Defendants contend that it is unclear why he was on the property and do not concede that Mickelson was acting as a volunteer for Gross (Doc. No. 27 at 5). Furthermore, Colony claims that "[o]nly limited discovery is needed, and the [declaratory judgment action] can be resolved on summary judgment," (Doc. No. 22 at 17), but it seems that both discovery and summary judgment will necessarily delve into why Mickelson was on the property, the same issue that will be decided in the Underlying Action.

Although the Underlying Action does not address the scope of insurance coverage owed by Colony, the Underlying Action will include the making of factual determinations upon which coverage may hinge, i.e., the nature and reason for Mickelson's presence on the property. This court cannot determine whether either policy endorsement applies to exclude coverage without

1 first determining Mickelson's status.  Therefore, the court finds this factor weighs in favor of the granting of a stay.

Finally, the court must consider the orderly course of justice.  "Courts have held that where there is factual overlap between the underlying action and the coverage action, granting a stay would avoid the potential for inconsistent rulings, allow the underlying action to clarify issues, and promote judicial efficiency." *Certain Underwriters at Lloyds, London v. Kleinberg and Lerner, LLP*, Case No. CV 19-10143 PSG (GJSx), 2020 WL 3840484, at *7 (C.D. Cal. Apr. 3, 2020) (citation omitted).  Given the overlapping factual issues between the declaratory relief action and Underlying Action discussed above, the court finds that the orderly administration of justice will be served by a stay.

In sum, a weighing of the competing interests and consideration of all three factors indicate that a stay is appropriate.  Accordingly, Moving Defendants' alternative motion to stay this action is GRANTED.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Moving Defendants' motion to dismiss is DENIED.

2. Moving Defendants' alternative motion to stay is GRANTED.  This action is administratively STAYED pending the resolution of the underlying state court action.  The parties are directed to file a joint status report every six months, starting July 1, 2021, or within thirty days of entry of judgment in the underlying state court action, whichever is sooner.

IT IS SO ORDERED.

Dated:   **February 12, 2021**                    _____
                                                   UNITED STATES DISTRICT JUDGE

11